IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   10-cv-01755-WYD

STEVEN A. MANTHEY,

    Applicant,

v.

ADAMS COUNTY SHERIFF DOUG DARR, and
THE HONORABLE JOHN SUTHERS, ATTORNEY GENERAL FOR THE STATE OF COLORADO,

    Respondents.

## ORDER TO DISMISS IN PART

Applicant, Steven A. Manthey, is a prisoner on probation under the supervision of the Adams County Sheriff.  Mr. Manthey, acting *pro se*, initiated this action by submitting to the Court an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on July 23, 2010.  After receiving several extensions of time, he filed an Amended Application on October 8, 2010.  Mr. Manthey is challenging the validity of his conviction and sentence in Case No. 06CR254 in the Adams County District Court.

On November 4, 2010, Magistrate Judge Boland entered an order directing Respondents to file a Pre-Answer Response and address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses.  On November 24, 2010, Respondents filed a Pre-Answer Response.  After receiving two extensions of time, Mr. Manthey filed a Reply on March 3, 2011.

I must construe liberally the Amended Application and Reply filed by Mr. Manthey because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Amended Application will be dismissed in part.

I.   Background and State Court Proceedings

Mr. Manthey was convicted by a jury of three counts of stalking, and was subsequently sentenced to five years of probation. Pre-Answer Resp. at 3. Mr. Manthey filed a direct appeal to the Colorado Court of Appeals, and the appellate court affirmed the trial court decision on March 26, 2009. Pre-Answer Resp. at Ex. E. The Colorado Supreme Court denied certiorari review on September 21, 2009, and the mandate issued on September 25, 2009. *Id.* at Ex. G; Ex. H.

Mr. Manthey initiated the instant action in this Court on July 23, 2010. Respondents concede, and I agree, that the action is timely under 28 U.S.C. § 2244(d).

In the Amended Application, Mr. Manthey asserts the following claims:

1. His conviction was obtained illegally by the use of evidence gained pursuant to an unconstitutional search and seizure.

2. His conviction was obtained illegally by the use of evidence gained pursuant to an unconstitutional custodial interrogation.

3. His conviction was obtained illegally by use of evidence obtained pursuant to an unlawful arrest.

4. His conviction was obtained illegally due to repeated due process violations, prosecutorial misconduct and the failure of the District Attorney to disclose evidence favorable to Mr. Manthey.

2

5. The trial court failed to properly instruct the jury on the requirement of a unanimous verdict.

Respondents assert that Claims One, Four and Five are unexhausted in the state courts and are now are procedurally barred. In his Reply, Mr. Manthey asserts that his claims have been fully exhausted.

II.    Exhaustion and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982)

(per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

"Generally speaking, [the Court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted). Mr. Manthey's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Ineffective assistance of counsel, however, may establish cause excusing a procedural default. *Jackson v. Shanks*, 143 F.3d 1313, 1319 (10th Cir. 1998). An applicant, however, must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). A showing of a probability of actual innocence is required to meet the fundamental miscarriage of justice exception. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

4

Respondents argue that Claims One, Four and Five are unexhausted because Mr. Manthey relied only on Colorado case law when he presented these claims to the state courts. Pre-Answer Resp. at 7-8. Respondents therefore argue that Mr. Manthey failed to present these claims to the state courts as asserting a federal constitutional question. *Id.* Respondents conclude that the claims now are procedurally barred because under Colo. R. Crim. P. 35(c)(3)(VI), the claims would be rejected as successive. *Id.*

Upon review of Mr. Manthey's opening brief on direct appeal, I do not agree with the Respondents that Mr. Manthey failed to satisfy the fair presentation requirement with respect to Claims One and Four. *See* Pre-Answer Resp. at Ex. B1, p. 28-31; Ex. B2, p. 1-6;18-28. In presenting the claim that his conviction was obtained through the use of evidence gained pursuant to an unconstitutional search (Claim One), Mr. Manthey discussed the Fourth Amendment of the United States Constitution and the applicable constitutional standard for probable cause and investigatory stops. *See* Pre-Answer Resp. at Ex. B1, p. 28-31; Ex. B2, p. 1-6. I find that this argument in the state courts was sufficient to exhaust the Fourth Amendment claim that Mr. Manthey raises in Claim One. Likewise, in presenting the claim that his conviction was obtained by prosecutorial misconduct and the failure of the district attorney to disclose favorable evidence (Claim Four), Mr. Manthey cited to Colorado state law that analyzed a prosecutor's constitutional duty to disclose exculpatory evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). *See* Pre-Answer Resp. At Ex. B2, p. 19 (citing *People v. District Court*, 808 P.2d 831 (Colo. 1991)). Liberally construing his pleadings, I find that

5

Mr. Manthey's argument in the state court was sufficient to exhaust a prosecutorial misconduct claim like the one he raises in Claim Four. Accordingly, I find and conclude that Claims One and Four are exhausted.

With respect to the claim that the jury instructions did not ensure that the verdict was unanimous (Claim Five), I have reviewed his opening brief on direct appeal, and find that Mr. Manthey failed to satisfy the fair presentation requirement for this claim. Mr. Manthey did not cite to any United States Supreme Court authority and he failed to label the claim a federal one. *See* Pre-Answer Resp. at Ex. B2, p. 28-29; Ex. B3, p. 1-6. Instead, Mr. Manthey relied only on Colorado state case law in developing his argument that the jury instructions given in his case were erroneous. *Id.*

In order to allow the state courts the opportunity to act on or correct the constitutional violations Mr. Manthey alleges, he must do more than just invoke magic words which may possibly be interpreted to raise a constitutional claim. Instead, he must provide legal theory explaining how the decisions of the state court violated the particular federal constitutional rights he claims were violated. *See, e.g., Anderson*, 459 U.S. at 78 (claim on direct appeal that jury instruction was reversible error did not fairly present due process challenge to instruction for habeas exhaustion purposes); *Picard*, 404 U.S. at 276-77 (holding that habeas petitioner failed to fairly present federal claim to state court where, despite presenting all necessary facts, petitioner failed to assert specific argument that he later tried to raise in federal court); *see also Thomas v. Gibson*, 218 F.3d 1213, 1221 n. 6 (10th Cir. 2000) (holding that petitioner's general state court claim was insufficient to exhaust his later, more specific federal habeas

claim). Accordingly, I find that Mr. Manthey has failed to exhaust state court remedies for Claim Five.

Moreover, with limited exceptions that are not applicable to this claim, the Colorado Rules of Criminal Procedure bar Mr. Manthey from raising a claim in a post-conviction motion that could have been raised on direct appeal, or that was already raised on post-conviction appeal. *See* Colo. R. Crim. P. 35(c)(3)(VI) ("The court shall deny any claim that was raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant"); Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"); *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (stating that post-conviction review is not available to address under a recently contrived constitutional theory issues that were raised previously). Therefore, I find that Mr. Manthey has procedurally defaulted Claim Five.

Mr. Manthey also has failed to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to consider his claim will result in a fundamental miscarriage of justice. Claim Five, therefore, is procedurally barred from federal habeas review and must be dismissed.

Accordingly, it is

ORDERED that Claim Five is dismissed with prejudice as procedurally defaulted. It is

FURTHER ORDERED that within thirty (30) days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of exhausted Claims One, Two, Three, and Four. It is

FURTHER ORDERED that within thirty (30) days of the filing of the answer Applicant may file a reply, if he desires.

Dated: March 30, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge